UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALF WILLIAMS,

            Plaintiff,

v.

JASON MILSTONE, et al.,

            Defendants.

Case No. 2:21-cv-10878

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY JUDGMENT [37]**

Plaintiff Alf Williams sued Defendants Huron Pines Condominium Association and its board of directors Jason Milstone, Preston Hopper, and David Pugh. ECF 1. Plaintiff brought four federal law claims under 42 U.S.C. §§ 3604, 3617 and 42 U.S.C. §§ 1981, 1982, and he brought four State law claims for breach of contract, breach of fiduciary duty, and membership oppression. ECF 1, PgID 8–18. The Court granted summary judgment on all claims to the Association and dismissed it from the case. ECF 33. Then, Defendants Milstone, Hopper, and Pugh jointly moved for summary judgment. ECF 37. The parties briefed the motion. *See* ECF 38; 39. For the following reasons, the Court will grant in part and deny in part the motion for summary judgment.[1]

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background sections from its two previous opinion and orders, ECF 14, PgID 430–35; ECF 33, PgID 1141–42. The Court will add the following facts.

Plaintiff and his family were "the lone African-American family within [a] [thirty-eight]-unit [condominium] community." ECF 1, PgID 4. Plaintiff and Defendants—the board of directors of the condominium association—began to quarrel in 2016. *Id.* The disagreement led to a State court lawsuit in 2018 and culminated in the present lawsuit in 2019. *See* ECF 1; ECF 28-2. At bottom, Plaintiff sued Defendants because he believed they treated him wrongfully "based upon race." ECF 1, PgID 9. Plaintiff contended that when he fell behind on his association dues he was treated differently and more harshly than any other member of the community. *Id.* at 6. He attached the balance sheets of four other families' association fees to his complaint. *See* ECF 1-10; 1-11; 1-12; 1-13. The balance sheets purportedly showed that all four families were in arrearages of their obligations to the community. *See* ECF 1-10; 1-11; 1-12; 1-13. But, Plaintiff claimed, Defendants only recorded a lien or filed a lawsuit for past-due fees against one association member: Plaintiff. ECF 1, PgID 6.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to

specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Defendants moved for summary judgment on six grounds. For the first three grounds, Defendants claimed that summary judgment is proper as to all of Plaintiff's claims because the *Rooker-Feldman* doctrine and the doctrines of res judicata and collateral estoppel preclude the Court from adjudicating the dispute. Fourth, Defendants alleged that Plaintiff's breach of fiduciary duty and membership oppression claims were barred by the applicable limitations period. Fifth, Defendants stated that the breach of fiduciary duty claim is also barred by the condominium's

3

bylaws, Michigan Compiled Laws § 450.2541, and the business judgment rule. Sixth, Defendants argued that Michigan Compiled Laws § 450.2489 bars the minority shareholder oppression claim. The Court will address each ground in turn.

I. *Rooker-Feldman* Doctrine

"The *Rooker–Feldman* doctrine bars lower federal courts from conducting appellate review of final [S]tate-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005)). "The doctrine, however, does not bar federal jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in State court." *Id.* (cleaned up). "Instead, the doctrine applies only where a [S]tate-court loser initiates an action in federal district court, complaining of injury caused by a [S]tate court judgment, and seeks review and rejection of that judgment." *Id.* (citing *In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009)).

Defendants argued that the *Rooker-Feldman* doctrine bars adjudication of the present case because the State court "determin[ed] in the prior lawsuit that [Defendants], on behalf of the [Association], enforced the Bylaws because Plaintiff was in breach of contract." ECF 37, PgID 1206. Defendants appeared to read the State court judgment to contain an implicit determination that they and the Association committed no wrongs. *See id.* at 1206–07. That reading is overbroad. In fact, the State court judge explicitly stated, "[Plaintiff] didn't file a counterclaim in this case, so all I can consider is [Defendant's] case." ECF 25-5, PgID 740. And the court did not

4

adjudicate any of the claims brought in the present case. *See* ECF 25-5; 28-6. The State court judge merely found that Plaintiff must pay his association dues; she did not find that Defendants' actions could not be the basis of another lawsuit or a counterclaim. *See* ECF 25-5; 28-6. Beyond that, Plaintiff did not complain in the present case "of injury cau*sed by the State court judgment*." *Berry*, 688 F.3d at 298 (cleaned up); *see* ECF 1. The *Rooker-Feldman* doctrine is therefore inapplicable, and the first ground for summary judgment fails.

II.     <u>Res Judicata</u>

Res judicata protects litigants from the burden of relitigating issues, promotes judicial economy, and upholds comity between State and federal courts. *Allen v. McCurry*, 449 U.S. 90, 94, 96 (1980). Michigan law governs the Court's res judicata analysis. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (noting that federal courts "look to the State's law to assess the preclusive effect it would attach" to a decision) (cleaned up). Under Michigan law, the doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004) (citation omitted). "The burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Garrett v. Washington*, 314 Mich. App. 436, 441 (2016) (cleaned up).

"To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert."

5

*Adair*, 470 Mich. at 122 (citation omitted). "The outer limit of the doctrine traditionally requires both a 'substantial identity of interests' and a 'working functional relationship' in which the interests of the nonparty are presented and protected by the party in the litigation." *Id.* (quotation omitted). "The binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner." *Mecosta Cnty. Med. Ctr. v. Metro. Grp. Prop. & Cas. Ins. Co.*, 509 Mich. 276, 284–85 (2022) (cleaned up).

Defendants were not parties in the prior lawsuit. *Compare* ECF 28-2, *with* ECF 1. Consequently, the applicability of res judicata turns on whether Defendants were in privity with the Association.

Defendants argued that "privity [between Defendants and Plaintiff in the prior lawsuit] is conclusively established" because the Association and Defendants "share a substantial identity of interests and a working or functional relationship." ECF 37, PgID 1195, 1199; *see Adair*, 470 Mich. at 122. Not so. The prior case involved an action for past-due association fees, but the present case pertains to completely different claims. *Compare* ECF 28-2, *with* ECF 1. And although the present claims may have arisen from the same transaction or occurrence, or series of transactions or occurrences, Defendants have not shown that the Association's interest in defending against the present claims is substantially similar to their own interest. For example, it is unclear if Defendants would be individually liable, separate from the Association, for their alleged wrongful actions. *See Dep't of Agric. v Appletree Mktg., LLC*, 485

6

Mich. 1, 17 (2010) ("Michigan law has long provided that corporate officials may be held personally liable for their individual tortious acts done in the course of business."). And no party briefed how the indemnification clause in the Association's articles of incorporation would impact whether the Association would have any interest in defending Defendants against individual claims. *See* ECF 1-5, PgID 35; ECF 37; ECF 38; ECF 39. The Court therefore cannot determine, as a matter of law, that Defendants and the Association are in privity with respect to the claims in the present suit. Because "the burden of proving the applicability of the doctrine of res judicata is on the party asserting it" and Defendants have not proven privity, the motion for summary judgment on that ground fails. *Garrett*, 314 Mich. App. at 441 (cleaned up).

III. Collateral Estoppel

The Court "appl[ies] [S]tate law to determine whether a prior decision has preclusive effect." *In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 54 F.4th 912, 921 (6th Cir. 2022). Under Michigan law, "[c]ollateral estoppel, or issue preclusion, pre[vents] relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v. Michalik*, 244 Mich. App. 569, 577 (2001). Collateral estoppel thus has three elements: (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment"; (2) "the same parties must have had a full and fair opportunity to

7

litigate the issue"; and (3) "there must be mutuality of estoppel." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 683 (2004) (cleaned up). "Mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Id.* (cleaned up).

Collateral estoppel runs aground here for two reasons. First, the State court never "actually . . . determined" any of the claims brought in the present case. *Id.*; s*ee* ECF 25-5; 28-6. In fact, the court explicitly anchored her ruling to the Association's case and not to any counterclaim or lawsuit. ECF 25-5, PgID 740; *see* ECF 28-6. And second, as discussed above, Defendants were neither parties to the prior lawsuit, nor did they show that they are in privity with the Association with respect to the claims brought here. Summary judgment based on collateral estoppel is therefore inappropriate.

IV.     Limitations Period

Defendants argued that Plaintiff's claims of breach of fiduciary duty and membership oppression are barred by the applicable limitations period created in Michigan Compiled Laws §§ 450.2541(7) and 450.2489(1)(f), respectively. ECF 37, PgID 1215. Sections 450.2541(7) and 450.2489(1)(f) each establish a limitations period of three years after the cause of action accrued or two years after the plaintiff discovered, or reasonably should have discovered, the cause of action, whichever occurs first. The parties agreed that the two-year period applies. *See* ECF 37, PgID 1215; ECF 38, PgID 1489. "Rule 6(a) [] applies to all statutes of limitations in federal court." *Merriweather v. City of Memphis*, 107 F.3d 396, 399 n.4 (6th Cir. 1997). The

8

Court will address the limitations period argument first as to the breach of fiduciary duty claim and second as to the membership oppression claim.

### A. *Claim Four: Breach of Fiduciary Duty*

Plaintiff sued Defendants for "willfully breach[ing] their fiduciary duties" by filing a lien and a lawsuit against him and for failing in their "obligation to perform the septic cleaning as well as the maintenance of the [r]etention [a]rea adjacent to Plaintiff's unit." ECF 1, PgID. Defendants filed a lien on Plaintiff's home on August 15, 2018. ECF 1-9. Plaintiff's claim that Defendants breached their fiduciary duty when a lien was filed on his home is time barred because the two-year limitations period expired before he filed a claim based on that alleged wrongdoing. *See* Mich. Comp. Laws § 450.2541(7). *Compare* ECF 1, *with* ECF 1-9. As for the lawsuit, the Association sued Plaintiff on April 18, 2019. ECF 28-2, PgID 834. Two years after April 18, 2019 is April 18, 2021. But "Rule 6(a) [] excludes a Saturday, Sunday, or legal holiday that falls at the end of the limitations period." *Merriweather*, 107 F.3d at 398. And April 18, 2021 was a Sunday. Consequently, the limitations period for a claim based on the lawsuit expired on April 19, 2021. And the present lawsuit was filed on April 19, 2021. It was therefore filed before the limitations period ran, and the claim based on the filing of the prior lawsuit is not barred.

Last, Plaintiff's claim that Defendants breached their fiduciary duty because they failed to perform septic cleaning or maintain a retention area near his home is barred in part. Plaintiff claimed that "[s]ubsequent to 2016, disputes arose between the Plaintiff and [Defendants] . . . [about] fail[ure] to maintain a retention area

9

adjacent to Plaintiff's home." ECF 1, PgID 4. But Plaintiff also alleged that Defendants "deliberately refused to [maintain the retention pond or clean his septic tank] as of July 25, 2019." *Id.* at 9. Because of the ongoing nature of the fiduciary duty claims, the limitations period bars only the conduct of Defendants that occurred more than two years before Plaintiff filed the present lawsuit. Consequently, any claim for damages based on Defendant's alleged failure to maintain the retention pond or clean out Plaintiff's septic tank *prior* to April 18, 2018 is barred.

All told, the Court will grant in part and deny in part Defendants' motion for summary judgment on the breach of fiduciary duty claim. Plaintiff's allegation that Defendants breached their fiduciary duty by allowing a lien to be filed on his home is time barred and summary judgment is granted for that part of the claim. But Plaintiff's allegation that Defendants breached their fiduciary duty by allowing a lawsuit to be filed against him is not time barred and summary judgment is denied as to that part of the claim. Finally, any alleged breach about failure to maintain a retention area or failure to clean a septic tank that predates April 18, 2019 is barred by the limitations period and summary judgment is granted as to those allegations. But summary judgment is denied as to any alleged violation of Defendants' fiduciary duties that postdates April 18, 2019.

  B. *Claim Five: Membership Oppression*

Plaintiff sued Defendants for "repeatedly engag[ing] in willfully unfair and oppressive conduct with respect to Plaintiff, which has substantially interfered with his rights or interests [as a member of the condominium association.]" *Id.* at 14.

Plaintiff did not specifically identify what conduct substantially interfered with his rights or interests, *see id.*, at 14–15, but the complaint alleged several instances in which Defendants' conduct could constitute membership oppression. Some of the instances occurred before April 18, 2019 and some occurred after. *See id.* at 4–9. The Court will therefore grant summary judgment as to any claim of membership oppression which arose from conduct that occurred before April 18, 2019 but will deny summary judgment as to any claim based on conduct that occurred after that date.

V.     Breach of Fiduciary Duty

Defendants argued that the breach of fiduciary duty claim failed for three additional reasons. The Court will address each reason in turn.

   A.     *Michigan Compiled Laws § 559.206(a)*

Defendants argued that Plaintiff's breach of fiduciary duty claim fails as a matter of law because, under section 559.206(a), the failure of a condominium co-owner to pay his dues "shall be grounds for relief, which may include without limitations, an action to recover sums due to damages, injunctive relief, foreclosure of lien if default in payment of assessment, or any combination thereof." *See* ECF 37, PgID 1207–08 (quoting *Highfield Beach v. Sanderson*, 331 Mich. App. 636, 655–56 (2020)). Defendants claimed that because section 559.206(a) allows condominium associations to file civil actions and liens to recover unpaid dues, Plaintiff may not claim that they breached their fiduciary duty by so doing. *Id.* at 1208. But Plaintiff claimed that the lien and lawsuit are evidence of racial animus. *See* ECF 1. And even though Defendants could lawfully attach a lien, file a lawsuit, or do both against

11

Plaintiff, if they did so because of racial animus that would be a breach of their fiduciary duties. *Murphy v. Inman*, 509 Mich. 132, 148 (2022) ("[D]irectors are required to act with due care, with loyalty, and in good faith."). Indeed, the articles of incorporation of the condominium association state that:

> [N]o officer who is a [v]olunteer [o]fficer shall be personally liable to this [c]orporation or its members for monetary damages for breach of fiduciary duty . . . [but] this provision shall not eliminate or limit the liability . . . [for] [a]cts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law[.]

ECF 1-5, PgID 34. Defendants are consequently not entitled to summary judgment under section 559.206(a) because Plaintiff has adequately alleged a breach of fiduciary duty that involves an absence of good faith or intentional misconduct that knowingly violates the law. *See id.*; ECF 1, PgID 4–8.

> B. *Michigan Compiled Laws § 450.2541(5)*

Under Michigan law, a nonprofit corporation may limit the personal liability of its directors "[i]f the corporation's articles of incorporation contain a provision [that limits the directors' personal liability]." Mich. Comp. Laws § 450.2541(5). Defendants argued that the "[c]omplaint fail[ed] to identify any factual basis for [the] alleged breach of fiduciary duty other than [] Defendant's exercise of multiple remedies to force him to pay his delinquent dues." ECF 37, PgID 1209. Thus, Defendants argued, they could not be liable because the condominium's articles of incorporation state that "no officer who is a [v]olunteer [o]fficer shall be personally liable to this [c]orporation or its members for monetary damages for breach of fiduciary duty." *Id.* (quoting ECF 1-5, PgID 34). Defendants' argument fails for the same reason as the previous one,

that the provision limiting their liability "shall not eliminate or limit the liability . . . [for] [a]cts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law." *Id.* (quoting ECF 1-5, PgID 34). Because Plaintiff argued that Defendants filed a lawsuit and committed other wrongful acts out of racial animus, ECF 1, PgID 4–8, Defendant has not shown an absence of genuine issues of material fact. Summary judgment is inappropriate for Defendants argument under section 450.2541(5).

    C.    *Business Judgment Rule*

"The business judgment rule is the presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith[,] and in the honest belief that the action taken was in the best interests of the company." *Levine v. Liveris*, 216 F. Supp. 3d 794, 808 (E.D. Mich. 2016) (citation omitted). Under Michigan law, "[i]t is not the function of the court to manage a corporation nor to substitute its own judgment for that of the officers thereof." *Reed v. Burton*, 344 Mich. 126, 131 (1955). So "[i]t is with reluctance, and only upon a clear showing of actual or impending wrong, that [a court should] move in on the affairs of a corporate body." *Id.* at 130. Indeed, "[i]t is only when the officers are guilty of willful abuse of their discretionary powers or of bad faith or of neglect of duty or of perversion of the purpose of the corporation or when fraud or breach of trust are involved that the court will interfere." *Id.* at 131. The rule against a court substituting its own judgment for that of the officers of a corporation is often called the business judgment rule because "[s]o long as the directors of a corporation control its affairs within the limits of the

13

law, matters of business judgment and discretion are not subject to judicial review." *Id.*

Defendant argued that "Michigan law is well settled that the [business] judgment of [Defendants] controls where there is no evidence [Defendants] acted outside the express duties and powers granted to it under the [b]ylaws." ECF 37, PgID 1210. Consequently, Defendant argued, Plaintiff's breach of fiduciary duty claim is barred by the business judgment rule. *Id.* Defendant is wrong. The business judgment rule is inapplicable when officers of a corporation "are guilty of willful abuse of their discretionary powers or of bad faith or of neglect of duty or of perversion of the purpose of the corporation." *Burton*, 344 Mich. at 131. Plaintiff alleged that Defendants harried and bullied him because of his race. ECF 1, PgID 6. And Plaintiff supported his claim with evidence that four similarly situated white co-owners who had fallen behind on their condominium fee assessments did not have a lawsuit filed against them. *See id.*; ECF 1-10; 1-11; 1-12; 1-13. Defendants did not rebut the evidence. *See* ECF 37; 39. Accordingly, there is a genuine issue of material fact about whether Defendants willfully abused their discretionary power by filing a lawsuit against a condominium co-owner because of his race. Business judgment does not impact those issues.

In sum, all three of Defendants' arguments fail. There is a genuine issue of material fact about whether Defendants violated their fiduciary duty to Plaintiff. Summary judgment is therefore inappropriate, and the Court will deny the motion.

VI. <u>Shareholder Oppression Claim</u>

Last, Defendants argued that the minority shareholder oppression claim is barred by Michigan Compiled Laws § 450.2489. ECF 37, PgID 1212–1215. Under section 450.2489, a minority shareholder may bring a claim against the directors for "illegal, fraudulent, or willfully unfair and oppressive [actions]." To succeed, a plaintiff must show: "(1) that they were shareholders of the corporation; (2) that defendants were directors or in control of the corporation; (3) that defendants engaged in acts; and (4) that those acts were illegal, fraudulent, or willfully unfair and oppressive to the corporation or to them as shareholders." *Deep Harbor Condo. Ass'n v. Marine Adventure, LLC*, No. 349471, 2020 WL 7765770, at *12 (Mich. Ct. App. Dec. 29, 2020) (cleaned up). But under the statute, "willfully unfair and oppressive conduct . . . does not include conduct or actions that are permitted by an agreement, the articles of incorporation, the bylaws, or a consistently applied written corporate policy or procedure." Mich. Comp. Laws. § 450.2489(2).

Plaintiff alleged that "Defendant[s] have repeatedly engaged in willfully unfair and oppressive conduct with respect to Plaintiff, which has substantially interfered with his rights or interests" in violation of section 450.2489. ECF 1, PgID 14. Plaintiff further alleged that Defendants harassed, intimidated, and castigated him because of his race. *See id.* at 6–9. And he claimed that they retaliated against him for seeking to enforce the bylaws of the condominium. *Id.* at 8. Defendants argued that "a defendant can avoid liability . . . by showing that he or she did not have the requisite intent when he or she took the acts that interfered with the shareholder's interests."

15

ECF 37, PgID 1214 (citation omitted). And they claimed that the State court "already determined that Plaintiff's breach of the Bylaws justified the HPCA enacting remedies, [so] Plaintiff is collaterally estopped from asserting the Board member's actions were unfair or oppressive in nature." *Id.*

Defendants' argument fails for two reasons. First, the Court found above that the doctrine of collateral estoppel is inapplicable because Defendants and the Association are not in privity. Second, Defendants failed to show that they "did not have the requisite intent" to make them liable for the actions they took against Plaintiff. *See Franks v. Franks*, 330 Mich. App. 69, 99 (2019). Plaintiff did not claim that Defendants engaged in membership oppression because they recorded a lien on his home and filed a lawsuit against him. Instead, he claimed that they engaged in membership oppression because they recorded a lien on his home but "*had [n]ever recorded a lien against any of the white co-owners who owned the same amount.*" ECF 1, PgID 6 (emphasis added). And Plaintiff supported his claim with evidence of four other co-owners who fell behind on their condominium fee assessments without having a lien or lawsuit filed against them. *See id.*; ECF 1-10; 1-11; 1-12; 1-13. Plaintiff's membership oppression claim is therefore not barred by section 450.2489 because Plaintiff alleged that Defendants acted with racial animus, which is unfair and oppressive conduct independent of Defendants' enforcement of the articles of incorporation and bylaws of the Association. In all, Defendants failed to show that there is no genuine issue of material fact about whether their actions constituted

membership oppression under Michigan law. The Court will therefore deny the motion for summary judgment as to the membership oppression claim.

## CONCLUSION

The Court will grant in part and deny in part the motion for summary judgment. Defendants are entitled to summary judgment on any claim that is predicated on actions or events that occurred before April 18, 2019. But summary judgment is inappropriate as to all other claims and on all other grounds raised.

With the sole summary judgment motion now resolved, the Court believes the parties would highly benefit from participating in further mediation. The Court will therefore refer the parties to Mr. Michael G. Latiff for settlement discussions and mediation.[2] The mediation must take place no later than July 15, 2023.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [37] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court **REFERS** the case to Mr. Michael G. Latiff for mediation and settlement discussions and **ORDERS** the parties to proceed in compliance with Local Rule 16.4. The mediation and settlement discussions must occur **no later than July 15, 2023**. The parties must contact Mr. Latiff and provide him with a copy of this order as soon as practicable and must **NOTIFY** the Court of the date of the mediation session once it is **scheduled**.

---

[2] Mr. Latiff can be reached by phone at (248) 220-1351 or by email at mlatiff@mcdonaldhopkins.com.

**IT IS FURTHER ORDERED** that Mr. Latiff must **NOTIFY** the Court within seven days of completion of the mediation, "stating only the date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties must **NOTIFY** the Court immediately upon completion of the mediation and must **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties must **NOTIFY** the Court within five days of the completion of the mediation.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 5, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 5, 2023, by electronic and/or ordinary mail.

s/L. Hosking
Case Manager